UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JASMINE BURTON | CIVIL ACTION |
| VERSUS | No. 19-11725 |
| RICH'S CARWASH LLC | SECTION I |

ORDER & REASONS

Before the Court is a motion[1] by defendant, Rich's Car Wash, LLC ("Rich's Car Wash"), to dismiss *pro se* plaintiff Jasmine Burton's ("Burton") claims for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) or, in the alternative, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] For the following reasons, the motion is granted as set forth herein.

I.

As set forth in Burton's complaint, Burton was employed at Rich's Car Wash from November 10, 2014 until he was discharged on June 13, 2018.[3] Burton, who is black, alleges that Rich's Car Wash discriminated against him because of his race and wrongfully terminated his employment.[4] Three or four days before Burton was fired for "[i]nsubordination and lack of motivation of the other employees," Burton's

---

[1] R. Doc. No. 12.
[2] Although Burton's opposition to the motion to dismiss was untimely, the Court recognizes that leniency may be afforded *pro se* litigants. *See Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015).
[3] R. Doc. No. 4, at 1.
[4] *See id*. at 2.

1

site manager allegedly blamed Burton for failing to "correct[]" a coworker for playing a speaker too loudly.[5] Burton asserts that white employees were not similarly disciplined for radio speakers that they brought to work, were assigned different job responsibilities, and received higher wages than Burton.[6] Burton also claims that he experienced retaliation for certain incidents that occurred while he was work.[7]

Burton filed a charge of race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, with the Louisiana Commission on Human Rights on March 18, 2019.[8] On April 23, 2019, the United States Equal Employment Opportunity Commission ("E.E.O.C.") dismissed Burton's charge because it was unable to conclude from its investigation that the information obtained established any Title VII violations.[9]

Thereafter, on July 23, 2019, Burton filed a complaint in this Court against Rich's Car Wash,[10] and a summons was executed by the United States Marshals Service. The process receipt and return form indicates that "Doug Freeswick," who is

---

[5] *See id.* at 1–2; R. Doc. No. 15, at 2–3.
[6] R. Doc. No. 4, at 2; R. Doc. No. 15, at 4–5.
[7] With respect to his retaliation claim, Burton does not provide any additional information beyond his assertion that he "believe[s] that he was discriminated against based of [sic] race, Retaliation [sic] for an incident that happened prior before the entire speaker incident." R. Doc. No. 4, at 2. It is unclear what occurred during the "incident" to which Burton refers or the nature of the alleged retaliation that Burton experienced.
[8] R. Doc. No. 4-1, at 1.
[9] *See id.* at 2.
[10] R. Doc. No. 4. Burton's first filed complaint, entered on July 15, 2019, was marked as deficient because Burton failed to properly complete the form to proceed *in forma pauperis*. *See* R. Doc. Nos. 1, 2, & 3. Burton remedied the deficiency on July 23, 2019.

a "Site Manager" at the Rich's Car Wash location at 4417 Earhart Boulevard in New Orleans, received service on August 21, 2019.[11]

## II.

### A.

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007); *see Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). When an objection to service is made, the plaintiff bears the burden of establishing the validity of service. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). "A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (citations omitted).

Pursuant to Federal Rule of Civil Procedure 4(h)(1), unless the defendant has filed a waiver, service on a corporate entity must be served in a judicial district of the United States:

(A) in the manner prescribed by [Federal] Rule [of Civil Procedure] 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

---

[11] *See* R. Doc. No. 11.

3

Fed. R. Civ. P. 4(h)(1).[12]

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1).

Under Article 1266 of the Louisiana Code of Civil Procedure, service of process on a domestic limited liability company may be made by personal service on any one of its agents designated for service of process. La. Code Civ. Proc. Ann. art. 1266(A). If an individual attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of process may be made by any of the following methods:

  (1)   Personal service on any manager if the management of the limited liability company is vested in one or more managers or if management is not so vested in managers, then on any member.

  (2)   Personal service on any employee of suitable age and discretion at any place where the business of the limited liability company is regularly conducted.

  (3)   Service of process under the provisions of [LA] R.S. 13:3204, if the limited liability company is subject to the provisions of [LA] R.S. 13:3201.

La. Code Civ. Proc. Ann. art. 1266(B).

---

[12] *See Washington v. Mayweather Promotions, LLC*, No. 18-10733, 2019 WL 5684263, at *1 (E.D. La. Nov. 1, 2019) (applying Rule 4(h)(1) to determine whether a limited liability company was properly served) (Milazzo, J.); *Louviere v. Carewell Hosp., LLC*, No. 18-6419, 2019 WL 2469789, at *1 (E.D. La. June 13, 2019) (Lemmon, J.) (same); *Badeaux v. Grand Isle Marina Constr., LLC*, No. 17-4984, 2019 WL 1755523, at *2 (E.D. La. Apr. 18, 2019) (Lemelle, J.) (same).

If the plaintiff has not effected proper service on the defendant within ninety days after he filed his complaint, the court must dismiss the action without prejudice or order that service be made within a specified time period. Fed. R. Civ. P. 4(m). However, if the plaintiff demonstrates "good cause" for the failure to properly effect service, dismissal is improper, and the court must extend the time for service for an appropriate period. *Id*.

To establish good cause, a plaintiff bears the burden of demonstrating "at least as much as would be required to show excusable neglect." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id*. "While the district court has discretion to extend the time allowed for curing defective service if good cause is not shown, the court can also refuse to exercise this discretion." *Hawkins v. Potter*, 234 F. App'x 188, 190 (5th Cir. 2007) (citing *Thompson v. Brown*, 91 F.3d 20, 21–22 (5th Cir. 1996)).

**B.**

Burton timely had service of process executed, but, according to the defendant, Burton failed to serve the defendant's designated agent or one who was otherwise authorized to accept service. As stated previously, service was executed on Doug Freeswick at the Rich's Car Wash location at 4417 Earhart Boulevard in New Orleans.[13] However, according to the defendant, this individual is not its designated

---

[13] *See* R. Doc. No. 11, at 1.

agent for service.[14] Rather, a different individual has been registered with the Louisiana Secretary of State as the defendant's designated agent for service of process.[15]

Burton has not certified that he was unable, after due diligence, to serve the defendant's designated agent pursuant to Louisiana law. *See* La. Code Civ. Proc. Ann. art. 1266(B); Fed R. Civ. P. 4(e)(1). He has also not addressed his alleged failure to serve the proper agent under Federal Rule of Civil Procedure 4(h)(1)(B) or explained why his service may, in fact, have been proper. Therefore, based on the record presented, the Court finds that service on Doug Freeswick was improper under Article 1266 of the Louisiana Code of Civil Procedure and Rule 4 of the Federal Rules of Civil Procedure.[16] Because Burton has not demonstrated good cause for the failure to properly effect service within ninety days of the filing of his complaint, the action may be dismissed without prejudice. *See* Fed. Civ. P. 4(m); *Thrasher*, 709 F.3d 509 at 512.

### III.

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED** and that Burton's complaint is **DISMISSED WITHOUT PREJUDICE**.

---

[14] R. Doc. No. 12, at 5.
[15] *See id.* at 5 n.1.
[16] Although the defendant has actual notice of Burton's complaint, "actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements." *Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010) (citing *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988)).

6

New Orleans, Louisiana, November 22, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**